■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LODINI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Ingrassia, J.), rendered August 21, 1984, convicting him of grand larceny in the third degree and official misconduct, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant worked for the Rockland County Sheriff's Department collecting judgments. As part of his duties, he was to remit any cash payments he collected, along with a receipt, to the Sheriff's Department by 5:00 P.M. on the same day as he collected the payment or on the following day.

In June 1982 a judgment was entered against Village Liquors in Spring Valley in favor of Star and Major Industries, for the amount of $10,170, including penalties and interest. Thereafter, an execution was issued for that judgment and the execution was delivered to the Sheriff's Department for enforcement. The complainant Steven Nannariello, a principal of Village Liquors, testified that in or about July 1982 the defendant came to the store to collect that judgment. At that time, it was agreed that Village Liquors would make an initial lump-sum payment in the amount of $5,000, to the Sheriff's Department, and an additional payment of $250, directly to the judgment creditor. In addition, Village Liquors arranged to make weekly payments to the defendant, as a Deputy Sheriff, in the amount of $100. The evidence established that those weekly payments began in August of 1982 and continued through November of 1983, and that they were made only to the defendant. The testimony further revealed that Steven

Nannariello questioned the defendant on several occasions as to the status of the debt, but was never able to receive an answer. When eventually the defendant did advise Nannariello that the judgment had been fully satisfied, the latter asked the defendant for a release; none, however, was forthcoming.

At this point Mr. Nannariello decided to meet with Chief Deputy Gamboli to attempt to remedy the problem. When, at that meeting, the two compared their respective copies of the receipts issued by the defendant, it became evident that Village Liquors had paid the defendant $1,992.20 for which it had not been credited; indeed, the store had overpaid the debt by $422. Chief Deputy Gamboli asked the defendant about the discrepancy, and, after two searches of his drawer, the defendant gave him exactly $1,992.20. On the day of the defendant's Grand Jury hearing on February 22, 1984, the complainant found another four receipts, showing that he had paid the defendant a total of $400 which was also not reflected in Chief Gamboli's total receipts. As part of their case at the trial, the People also introduced the defendant's Grand Jury testimony where he claimed that he was only trying to do the complainant a favor because the complainant did not make regular payments. Therefore, according to the defendant, he kept the money in his drawer and remitted it at a later time in even installments so as to give the appearance of regular payments. However, he claimed that his receipt book became mixed up and he lost all track of how much he had collected and how much he had remitted. When Chief Deputy Gamboli told him that $1,992.20 was missing, he searched his drawer twice and found exactly this amount. When he was confronted for the first time with the additional receipts totaling $400, he verified the signature on the receipts as his own but could not account for the money.

The trial court acquitted defendant of grand larceny in the second degree, finding that the People failed to prove beyond a reasonable doubt that he had the requisite intent to deprive anyone of the $1,992.20 (which the defendant had returned), but found him guilty of grand larceny in the third degree with respect to the $400 which the evidence showed was in his possession but which he never returned. On appeal, the defendant argues, inter alia, that this verdict was inconsistent and repugnant and that the People failed to prove the essential element of his intent to commit grand larceny in the third degree. We disagree.

We do not find it inconsistent or inconceivable for a rational

trier of fact to find that a defendant intentionally withheld a certain sum for his own benefit but at the same time did not intend to withhold a larger sum. As stated in the Penal Law, "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from the owner thereof" (Penal Law § 155.05 [1]). In this case, the evidence supported the trial court's conclusion that the People failed to prove the defendant's intent to wrongfully withhold the $1,992.20 for his own benefit, since defendant had returned this amount, but that the People did prove beyond a reasonable doubt that he intended to withhold the $400, since the evidence showed that he had taken it, but that he could not account for it and did not return it.

We have reviewed the defendant's other claims and find them to be without merit. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.